# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-594-RJC

| | |
|---|---|
| ANTHONY WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RODNEY BLACKNALL, )<br>A.T.F. Agent; Alcohol, Tobacco )<br>Fireamrs, and Explosives Bureau, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 12). Plaintiff filed a motion for enlargement of time to file a response to Defendant's Motion to Dismiss and was granted up to and including March 12, 2012 in which to file. (Doc. No. 15: Motion for Enlargement of Time; Doc. No. 20: Order granting time to respond). Plaintiff did not, however, file a response.

**I.    Plaintiff's Allegations**

Plaintiff is a state prisoner incarcerated in North Carolina. Plaintiff states that his Complaint is filed pursuant to 42 U.S.C. § 1983 "to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, seeking monetary damages, declaratory judgment and a trial by jury." (Doc. No. 1 at 1). Plaintiff sues Defendant in his individual and official capacity. (Id. at 2).

Plaintiff alleges that in September 2002, Defendant arrested Plaintiff and removed him from "the 400 block of Morehead Street (Y.M.C.A.) in Charlotte, North Carolina. (Id. at 2 ¶ 3).

1

Plaintiff contends that Defendant, on or before September 9, 2002, "did not investigate any personal first-hand knowledge of factual criminal actions committed by the Plaintiff before detaining, arresting, and removal of the Plaintiff." (Id. at 3 ¶ 11). Plaintiff continues by alleging that "on or about September 9, 2002, Defendant Blacknall submitted a knowingly untruthful, unsigned sworn (A.T.F.) agent report affidavit to obtain an arrest warrant, search warrant, and indictments against the Plaintiff, or for memory purposes." (Id. at 3 ¶ 12). Plaintiff's Complaint goes on to allege a series of violations emanating from Defendant's conduct on or before September 9, 2002, or on or about September 9, 2002. For example, Plaintiff contends that but for Defendant's actions, which "were forbidden by state or federal statute and constituted an offense in itself" Plaintiff would not have been arrested and subsequently convicted and sentenced to two (2) 14 to 18 years terms of imprisonment. (Id. at 9 ¶¶ 79-85). Plaintiff also maintains that Defendant knowingly and illegally took Plaintiff's personal property with the "intent to permanently deprive the Plaintiff of his property." (Id. at 10 ¶¶ 92-95).

Plaintiff's claims for relief are summarized as follows: (1) False Written and Verbal Statements, (id. at 5); (2) Seized Property or Felonious Larceny, (id. at 9); (3) Intentional Infliction of Emotional Distress, (id. at 10); (4) Unfair and Deceptive Acts, (id. at 11); and (5) Punitive Damages. (Id. at 12).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S.

2

103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

If the Complaint, for example, shows "that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Jones v. Bock, 549 U.S. 199, 215 (2007). "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground." Id. As the United States Court of Appeals for the Fourth Circuit has observed, the law has "permitted sua sponte consideration of the statute of limitations when such a defense plainly appears on the face of . . . a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915." Erline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) (citing Nasim v.

Warden, Md. House of Corr., 64 F.3d 951, 953-54 (4th Cir. 1995)).[1]

## III. DISCUSSION

There is no federal statute of limitations for claims brought under Section 1983. In reviewing Section 1983 claims, the courts will examine the law of the state where the claim is filed in order to determine the applicable of statute of limitations. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Under North Carolina law "[c]ivil actions can only be commenced within the periods prescribed . . . after the cause of action accrued . . ." N.C. Gen. Stat. § 1-15(a).

In his Memorandum submitted in support of his Motion to Dismiss, Defendant argues that he is entitled to an order dismissing Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 13 at 1). Plaintiff raises three distinct claims in support of his motion to dismiss: (1) the Complaint should be dismissed because Defendant was not a state actor at the time relevant to the allegations raised in the Complaint, (id. at 2); (2) the holding of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) prohibits Plaintiff from winning relief on his claims because any judgment in his favor would affect the validity of his state conviction or sentence, unless Plaintiff has first obtained an order setting aside or amending his conviction or sentence, (id. at 2-3); and (3) Plaintiff's Complaint should be dismissed because his claims are time-barred under the applicable statute of limitations. (Id. at 3). The Court finds that Plaintiff's Complaint should be dismissed for failure

---

[1]Plaintiff's Complaint is filed pursuant to 28 U.S.C. § 1915, and Plaintiff filed an Application to proceed *in forma pauperis*. (Doc. No. 1-4). Plaintiff submitted a copy of his prisoner trust account, (Doc. No. 4), and the Clerk of Court entered an Order waiving Plaintiff's initial filing fee and directing that monthly payments be made from his prisoner trust account. (Doc. No. 6).

to state a claim on the ground that his claims are filed well outside of the applicable statute of limitations.

Plaintiff's claims for relief are subject to the following statute of limitations under North Carolina law:

    (1)    False Written and Verbal Statements.

The Court considers this to be a claim for personal injury under North Carolina law. See N.C. Gen. Stat. ¶ 1-52(5) (providing for a three (3) year statute of limitations "for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated"). The allegations of Plaintiff's Complaint are confined to a time period in September 2002. Plaintiff's ongoing incarceration, which he attributes to Defendant's conduct, does not extend or somehow toll the statute of limitations. Accordingly, Plaintiff's Complaint, filed November 18, 2011, is over nine (9) years out of time under the applicable statute of limitations. Plaintiff's Complaint must have been filed, if at all, on or about September 9, 2005. Because this claim is untimely the Court finds it should be dismissed.

    (2)    Seized Property or Felonious Larceny

North Carolina law provides for a three (3) year statute of limitations for "taking, detaining, converting or injuring goods or chattels." G.S. § 1-52(4). The allegations in Plaintiff's Complaint as it relates to this claim for relief are again confined to the fall of 2002. Plaintiff's claim will be dismissed as untimely.

    (3)    Intentional Infliction of Emotional Distress

North Carolina law also provides a three (3) year statute of limitations for claims of intentional infliction of emotional distress. See Carlisle v. Rockingham County Bd. of Educ., 158 N.C. App. 687, 689, 582 S.E.2d 69, 72 (2003) (citing N.C. Gen. Stat. § 1-52(5)). Again, as

the allegations in Plaintiff's Complaint are confined to the fall of 2002, Plaintiff's claim will be dismissed as untimely.

  (4) Unfair and Deceptive Acts

Under North Carolina law, a complaint alleging a claim for unfair and deceptive acts under N.C. Gen. Stat. § 75-1.1 must be filed within four (4) years of the acts giving rise to the claim. United States v. Ward, 618 F. Supp. 884, 905 (E.D.N.C. Sept. 9, 1985) (citing N.C. Gen. Stat. § 75-16.2). Plaintiff's allegations concern acts occurring in the fall of 2002, and his Complaint was filed on November 18, 2011. Plaintiff's claim for unfair and deceptive acts will be dismissed as untimely.

  (5) Punitive Damages

The Court has concluded that the foregoing claims pled by Plaintiff are time-barred under the applicable statute of limitations as provided for by North Carolina law. In order to recover punitive damages under North Carolina law, a claimant must first prove "that the defendant is liable for compensatory damages." N.C. Gen. Stat. § 1D-15. As Plaintiff's claims for compensatory damages are all time-barred, it follows then that he has failed to state a claim for punitive damages. This claim will be dismissed.

## IV. CONCLUSION

  **IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 12), is **GRANTED** and his Complaint, (Doc. No. 1), is **DISMISSED**.

Signed: June 11, 2012

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
Chief United States District Judge