UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-594-RJC

| ANTHONY WILLIAMS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| RODNEY BLACKNALL, A.T.F. Agent; Alcohol, Tobacco, Firearms, and Explosives Bureau, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's motion for enlargement of time to file a "Motion for Reconsideration," (Doc. No. 24), and Plaintiff's Motion for Reconsideration filed on July 18, 2012. (Doc. No. 25). As Plaintiff has now filed his Motion for Reconsideration, his motion for enlargement of time will be dismissed as moot.

On June 11, 2012, the Court entered an Order dismissing Plaintiff's complaint which was filed under 42 U.S.C. § 1983. (Doc. No. 22). The Clerk of Court entered Judgment in accordance with the Court's Order that same day. (Doc. No. 23).

In his Motion for Reconsideration, Plaintiff attacks the Court's legal conclusion and notes that he is incorporating the constitutional claims he previously filed with the Court in his Complaint and other documents. Plaintiff's motion to amend will be treated as a motion to reconsider the Court's ruling dismissing Plaintiff's Complaint under Rule 59(e) of the Federal Rules of Civil Procedure. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) (finding that a timely motion to amend or alter judgment should be considered under Rule 59(e)).

A Rule 59(e) motion may only be granted in three situations: "'(1) to accommodate an

1

intervening change in controlling law; (2) to account for new evidence not available at trial; (3) or to correct a clear error of law or prevent manifest injustice.'" Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). Relief through a Rule 59(e) motion is an "extraordinary remedy that should be applied sparingly." Id.

In Plaintiff's Motion for Reconsideration, he does nothing more direct the Court to arguments which the Court considered and rejected in its Order dismissing Plaintiff's Complaint. Such a motion is improper if the only goal is to ask the Court to "rethink what the Court had already thought-rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 1010 (E.D. Va. 1983). Plaintiff has failed to meet any of the requirements for relief under Rule 59(e), and his Motion will therefore be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for enlargement of time to file a **DISMISSED** as moot. (Doc. No. 24).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**. (Doc. No. 25).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge